IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS A. SRADER,

                Plaintiff,

       v.                           CASE NO. 10-3209-SAC

SHELDON RICHARDSON, et al.,

                Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on a *Bivens*[1]-type civil rights action filed by a prisoner in federal custody. Plaintiff complains his rights were violated during his placement in the Leavenworth Detention Facility operated by the Corrections Corporation of America (CCA) due to the restrictive conditions of his confinement in segregation, interference with his mail, his indefinite placement in administrative segregation, limited access to counsel, and restrictions on his telephone access, visitation, and mail. He seeks monetary damages.

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). This motion is governed by 28 U.S.C. §1915. Pursuant to § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

of a civil action.

Having examined the records supplied by the plaintiff, the court finds that he has a negative balance in his institutional account. Accordingly, the court will grant leave to proceed in pauperis without imposing an initial partial filing fee.[2]

Plaintiff also has filed a motion to submit additional evidence (Doc. 3). The material in question consists of grievance forms, responses, and similar documents. The court concludes this submission is relevant to the claims in the complaint and grants the motion.

Next, plaintiff moves for an order (Doc. 4). The court liberally construes this motion to seek to add an additional claim to the complaint, namely, that he was denied adequate access to counsel by restrictions placed upon him during his confinement at CCA. The request to amend is governed by Rule 15 of the Federal Rules of Civil Procedure. Pursuant to Rule 15(a)(1), a party may amend its pleadings once as a matter of course. No responsive pleading has yet been directed in this matter, and the court finds the proposed amendment will not prejudice any party or delay this matter. The court grants plaintiff's request to amend the complaint.

Plaintiff also moves for the appointment of counsel (Doc. 5).

---

[2] Plaintiff is advised that he is obligated to pay the $350.00 filing fee in this action and that his custodian will be advised of that obligation by a copy of this order. Payments will be made in installments calculated pursuant to 28 U.S.C. §1915(b)(2).

A party in a civil action has no constitutional right to the assistance of counsel in the prosecution or defense of such an action. *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969). Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991).

Plaintiff has set forth the factual bases for his claims and has provided supporting documents, and it appears he is articulate. At this point, the claims presented do not appear to involve unusually complex legal issues. Accordingly, the court cannot conclude the appointment of counsel is necessary in this matter and will deny the appointment of counsel without prejudice. Plaintiff may renew his request upon the further development of the record, and the court will reconsider the need for counsel at that time.

Finally, plaintiff moves to file additional documents, namely, medical records, under seal (Doc. 7). He asserts that the records are personal, should not be open to the public, and that if the records were made public, they could damage his reputation.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)(citations omitted). The right of access is not absolute, and the presumption may be rebutted if other interests are shown to

3

outweigh the right of public access. *Id*. Where the presumption is rebutted, a court has the discretion to seal documents. *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). The party seeking to avoid public access to documents has the burden of demonstrating that a significant interest outweighs the presumption. *Mann*, 477 F.3d at 1149 (internal quotation and punctuation omitted) (plaintiff's privacy concern was not "sufficiently critical" to overcome the presumption of public access).

Here, the court finds that plaintiff's bare statements concerning his medical records are not sufficient to overcome the presumption of public access. *See Worford v. City of Topeka*, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (Feb. 17, 2004) (the public's right of access is presumed paramount and documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."). Accordingly, the court will deny the motion to seal the records in question. Plaintiff may file a redacted version of the documents or file a renewed motion setting out specific reasons the documents should be sealed.

*Screening*

Because plaintiff is a prisoner, the court must conduct an initial review of his complaint and must dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A (a)-(b). The court has conducted this screening and enters the following findings and

4

order.

First, plaintiff has identified the Corrections Corporation of America as a defendant. However, it is settled that a private entity, such as CCA, is not a proper party in a *Bivens*-type action.

In *Correctional Services Corp. v. Malesko,* 534 U.S. 61 (2001), the United States Supreme Court determined that a *Bivens* action for constitutional violations cannot be maintained against a private entity acting under contract with a federal agency.

In *Malesko*, a federal prisoner brought suit against Correctional Services Corporation ("CSC"), a private corporation that, much like CCA, was under contract with the BOP to house federal prisoners and detainees. *See id.* at 63-64. During Malesko's detention in CSC custody, CSC employees forced him to climb several floors of stairs to his living area even though he had a heart condition. *See id.* at 64. Malesko suffered a heart attack, fell, and was injured. *See id.* He then brought a *Bivens* action against CSC seeking damages. *See id*. The Supreme Court refused to extend *Bivens* liability to a private corporation operating a facility under contract with the Bureau of Prisons. *See id.* at 71 (holding the *Bivens* remedy is "solely concerned with deterring the unconstitutional acts of individual officers"). The holding in *Malesko* bars plaintiff's claim against CCA in this action.

Next, the plaintiff's claims against the United States Marshals Service fails as a matter of law because a *Bivens* action cannot be asserted against a federal agency. *Smith v. United States*, 561 F.3d

1090, 1093 (10th Cir. 2009), *cert. denied*, 130 S.Ct. (2010).

Third, "[i]n order to establish *Bivens* liability, a plaintiff is required to bring forth evidence that an individual defendant directly and personally participated in the purported constitutional violation." *Persaud v. Doe,* 213 Fed. App'x 740, 743 (10th Cir. 2007).

The complaint identifies two defendants for whom no personal participation is alleged, namely, Nurse Shelley (LNU) and the United States Attorney for Kansas. The court is considering the dismissal of these defendants.

Accordingly, the court will direct the plaintiff to show cause why these two defendants should not be dismissed from this action prior to service.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall commence pursuant to 28 U.S.C. § 1915(b)(2) and shall continue until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff's motion to submit additional evidence (Doc. 3) is granted.

IT IS FURTHER ORDERED plaintiff's motion to submit additional count (Doc. 4) is granted.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 5) is denied.

IT IS FURTHER ORDERED plaintiff's motion for leave to file under seal (Doc. 7) is denied.

IT IS FURTHER ORDERED defendants Corrections Corporation of

America and the United States Marshals Service are dismissed from this action.

IT IS FURTHER ORDERED plaintiff is granted to and including June 20, 2011, to show cause why defendants Nurse Shelley (LNU) and the United States Attorney for the District of Kansas should not be dismissed. The failure to file a timely response will result in the dismissal of these defendants.

Copies of this order shall be transmitted to the plaintiff and to the finance office of the facility where he is incarcerated.

**IT IS SO ORDERED**.

DATED: This 18th day of May, 2011, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge